# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **JUDGE RICHARD L. SPEER** |
| David A. Williams | ) | |
| | ) | Case No. 07-3101 |
| Debtor(s) | ) | |
| | ) | (Related Case: 07-30205) |
| Lisa R. Damschroeder | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| David A. Williams | ) | |
| | ) | |
| Defendant(s) | ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Plaintiff for Summary Judgment and Memorandum in Support, and the Defendant's Response thereto. The Plaintiff's Motion for Summary Judgment is brought in support of her Complaint to Determine Dischargeability. For the Plaintiff's Motion for Summary Judgment, each of the Parties filed supporting memoranda and evidence regarding their respective positions. The Court has now had the opportunity to review these materials, and finds, for the reasons set forth herein, that the Plaintiff's Motion for Summary Judgment should be Granted as provided herein.

## FACTS

The Plaintiff, Lisa R. Damschroeder, and the Defendant, David A. Williams, are former husband and wife. During their marriage, the Parties became jointly liable on numerous obligations,

secured and unsecured, including a mortgage obligation secured against the Parties' former marital residence. On October 24, 2006, the Parties' marriage was dissolved through the entry of a decree of dissolution. Incorporated into this Decree was a prior separation agreement entered into by the Parties. Throughout this process, the Plaintiff, but not the Defendant, was represented by legal counsel.

On January 23, 2007, the Defendant filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Main Case, Doc. No. 1). The Plaintiff then filed this action, seeking a determination that the Defendant's bankruptcy discharge would not extend so as to release him from a number of the requirements imposed by the Parties' Decree of Dissolution. (Doc. No. 1). Through her Motion for Summary Judgment, the Plaintiff then delineated that the following obligations were in controversy:

a. HFC, Account No. XXXXX-XX-XXX519-5 in the amount of $15,131.18;

b. Beneficial Account No. XX-XXXX-XX-XX5362 in the amount of $1,845.28;

c. Beneficial Account No. XXXX-XX-XXX764-7 in the amount of $1,346.29;

d. Best Buy Account No. XXXXXXXXXXXX3485 in the amount of $2,494.14;

e. Americredit Financial Services Account No. N/A in the amount of $4,914.21;

f. Leo Marks Jewelers Account No. N/A in the amount of $6,264.00; and

g. (2) Maumee OBGYN Associates for $48.36, Consultants in Lab for $52.32;

h. Toledo Hospital for $37.85;

i. Elmore Medical for $221.58, and two miscellaneous bills around $300.00;

Page 2

j. The property settlement ordering Defendant to pay the Plaintiff $25,000.00;

k. The mortgage debt Defendant became responsible for when he was given all rights to the marital home and ordered to refinance within two (2) years of the Decree of Dissolution.

(Doc. No. 30, at pg. 16).[1] In the ensuing discussion, these obligations will be referenced according to their corresponding letter.

On July 20, 2007, the Debtor was granted a discharge under 11 U.S.C. § 727. (Main Case, Doc. No. 25).

## DISCUSSION

Before this Court is the Plaintiff's Complaint to Determine Dischargeability. Proceedings brought to determine the dischargeability of particular debts are deemed to be "core proceedings" over which this Court has been conferred with jurisdiction to enter final orders and judgments. 28 § 157(b)(2)(I); § 1334.

The matter as to the dischargeability of those debts, listed as (a) through (k) in the Statement of Facts, *supra*, is brought before the Court on the Plaintiff's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides, in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

---

[1]The Court has redacted the full account numbers so as to preserve the Parties' privacy.

Page 3

Lisa R. Damschroeder v. David A. Williams
Case No. 07-3101

With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6ᵗʰ Cir. 1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The Plaintiff seeks a determination in this proceeding that those obligations previously delineated as (a) through (k) are nondischargeable debts. As authority for this position, the Plaintiff relied upon, in her Complaint, two provisions of the Bankruptcy Code: 11 U.S.C. § 523(a)(5) and § 523(a)(15). In her Motion for Summary Judgment, however, the Plaintiff limited her arguments to the applicability of § 523(a)(15). Accordingly, this Court's analysis will also be limited to the applicability of this provision.

Section 523(a)(15) provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Although broad in scope, the principal examples of debts encompassed by § 523(a)(15) are those arising out of property settlements and hold-harmless agreements between divorcing or separating spouses. *See, e.g., Jenkins v. Jenkins (In re Jenkins)*, 202 B.R. 102, 104 (Bankr.C.D.Ill.1996) (§ 523(a)(15) makes hold harmless and property settlements nondischargeable).

Page 4

Section 523(a)(15), first implemented in 1994, underwent a significant change in 2005 with the enactment of the Congressional Act known by the acronym BAPCPA.[2] Prior to the enactment of BAPCPA, § 523(a)(15) contained affirmative defenses which, if established, permitted a court to discharge property settlements and/or hold-harmless obligations, notwithstanding that the obligation otherwise qualified as a debt falling within the scope of § 523(a)(15). These defenses were known as, (1) the undue burden defense, and (2) the balancing test. However, BAPCPA entirely eliminated these affirmative defenses, thus making any debt falling with the scope of § 523(a)(15) absolutely nondischargeable.

To qualify as the type of marital debt excepted from discharge under § 523(a)(15), the Plaintiff bears the burden to establish the existence of three elements: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record. *In re Johnson*, 2007 WL 3129951 *3 (Bankr. N.D.Ohio 2007) (J. Shea-Stonum). Regarding the applicability of these elements, an initial point can be assumed. The Defendant has consented to the existence of the second element, for if this were not the case, the Defendant would be effectively arguing that those obligations at issue in this matter were nondischargeable support obligations under § 523(a)(5). Hence, no further discussion would be merited.

Regarding the applicability of the remaining two elements, the Parties agree that they are former husband and wife. In addition, in Article 8 of the Parties' Decree of Dissolution, entitled "EXISTING DEBT," it was set forth that the Defendant would assume and hold the Plaintiff harmless on those accounts listed as (a) through (f) in this Court's Statement of Facts. (Doc. No. 30,

---

2

BAPCPA stands for the Congressional Act entitled Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Public Law 109-8, 119 Stat. 23.

Ex. A). A later supplement to Article 8, incorporated into the Parties' Decree of Dissolution, then provided the same for those debts delineated as (g) through (i) in this Court's Statement of Facts. (Doc. No. 30, Ex. B). For the obligation listed as (j) in this Court's Statement of Facts, the Parties' Decree of Dissolution set forth: "the Parties hereby agree on a complete property settlement in the amount of $25,000.00. Petitioner Husband agrees to pay Petitioner Wife SEVENTY FIVE DOLLARS AND 00/100 (75.00) per week until this settlement is paid in full." (Doc. No. 30, Ex. A).

Together, this evidence, even when viewed in light most favorable to the Defendant, can only be construed one way: As applied to the first and third elements of § 523(a)(15), those obligations listed herein as (a) through (j) constitute debts owed to a former spouse that were incurred through a divorce decree. The fact, as the Defendant put forth, that the underlying debts are not owed directly to the Plaintiff, but rather to third parties, does not compel a different result.

In his arguments to the Court, the Defendant stated:

Defendant was ordered to pay debts to third parties through the separation agreement. Plaintiff is requesting in her motion for summary judgment that said debts be declared nondischargeable. *Defendant states that the debts are not owed to the Plaintiff and therefore do not constitute a debt to a spouse.* Debts owed to third parties are dischargeable as they relate to the third party.

(Doc. No. 37, at pg. 5) (emphasis added). This position, however, that debts owed to third-party creditors are not subject to § 523(a)(15), was squarely rejected by the Bankruptcy Appellate for the Sixth Circuit in *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195 (B.A.P. 6th Cir. 1998). In *In re Gibson*, the Court set forth in no uncertain terms that, where a spouse is obligated under a separation agreement to pay a third-party debt, a debt in favor of the other spouse arises which is nondischargeable under § 523(a)(15), "notwithstanding that the debt is payable to a third party and the Separation Agreement lacks hold harmless or other indemnification language." *Id.* at 204-05.

Page 6

The holding of *In re Gibson* is consistent with the statutory language of § 523(a)(15) which, contrary to the Defendant's position, simply requires that the debt be "incurred" by the debtor in the course of a divorce or separation or in connection with a separation agreement. Nowhere in § 523(a)(15) is it provided that a marital debt cannot be "incurred" for purposes of the statute simply because the underlying debt is owed to a third-party. In this way, exceptions to general statutory pronouncements are not to be implied and cannot be created by construction. *TRW Inc. v. Andrews*, 534 U.S. 19, 28, 122 S. Ct. 441, 447, 151 L. Ed. 2d 339 (2001) (where Congress explicitly enumerates certain exception to the general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent). This is especially true where, as here, such a reading would contradict the policy of the statute. *Id.*

Obligations arising in the field of domestic relations have been traditionally accorded favorable treatment in bankruptcy. For example, under Section 17a(2) of the Bankruptcy Act of 1898 it was provided that support obligations were not subject to being discharged in bankruptcy. Sections 523(a)(15), along with 523(a)(5), the successor to Section 17a(2), are but two examples of this continuing policy. *See also* 11 U.S.C. § 507(a)(1) (affording domestic support obligations first priority in the distribution of estate assets).

Based then on this policy, it would seem rather odd to craft a limitation for § 523(a)(15) which is not specifically provided in the statutory language. To be sure, the Defendant is correct in his assertion that his obligations to his third-party creditors are not subject to § 523(a)(15), and thus presumably dischargeable debts insofar as it concerns those third parties. But this misses the point made in *In re Gibson*, as well as other decisions following the same pattern.

A requirement in a divorce decree to hold harmless or indemnify a spouse for joint obligations incurred during a marriage creates a "new" debt, running solely between the former spouses. *In re Burton*, 242 B.R. 674, 678 (Bankr. W.D.Mo. 1999). It is this "new" debt which is

Page 7

"incurred" through the divorce decree, and which is nondischargeable; the parties' personal liability with respect to their joint third-party creditors remains, however, otherwise subject to the applicable legal process. *In re Shreffler*, 319 B.R. 113, 117 (Bankr. W.D.Pa. 2004). As explained in the case of *In re Clark*:

> the exception to discharge for "hold harmless" agreements may not provide protection from creditors for the non-debtor spouse. The debts owed to the joint creditors are discharged as to the debtor only. The obligation that is not dischargeable in these situations is a debtor's responsibility to hold his non-debtor, ex-spouse harmless. The non-debtor ex-spouse may look to the debtor for reimbursement pursuant to any nondischargeable "hold harmless" obligations, but the non-debtor ex-spouse is not immune from pursuit by the primary joint creditors.

207 B.R. 651, 657 (Bankr. E.D.Mo. 1997).

For these reasons, it is the decision of this Court that those obligations, as delineated (a) through (j) in the Statement of Facts, meet the necessary elements of § 523(a)(15) so as to qualify as nondischargeable debts. Consequently, the Plaintiff may continue to enforce her legal rights against the Defendant with respect to these debts, notwithstanding the entry of discharge in this case. The Court now turns to address the last requirement of the Parties' Decree of Dissolution for which the Plaintiff seeks a finding of nondischargeability: the obligation listed as (k) in the Statement of Facts.

The obligation delineated as (k) involves the Parties' former marital home. Concerning this real property, it was provided, under the Parties' Decree of Dissolution, that:

> said real estate shall be the sole property of Petitioner Husband, free and clear of any claims on the part of the Wife. Petitioner Wife hereby agrees that she will execute any and all necessary paperwork including but not limited to a Quit-Claim Deed regarding the property within thirty (30) days of the date of the final hearing. Furthermore, if Petitioner Husband should sell the real estate within five (5) years of the final hearing any and all equity shall be

Page 8

> divided among the parties. . . . Petitioner Husband will refinance within two
> (2) of the date of the final hearing.

(Doc. No. 30, Ex. A). In compliance with these terms, the Plaintiff quit claimed her interest in the real property to the Defendant. The Defendant, however, has yet to effectuate any of his obligations with respect to the above provision, and as a result, the Plaintiff remains liable on a note and mortgage secured against the property.

Since the time of the Parties' divorce, the subject property has been placed in foreclosure due to the Defendant's nonpayment of the mortgage obligation. The Plaintiff, anticipating that any foreclosure on the Parties' former marital property will result in a deficiency judgment, "requests an order of nondischargeability of Defendant's obligation to pay the mortgage" on the Parties' former marital residence. (Doc. No. 30, at pg. 8). In response, the Defendant, while acknowledging his failure to comply with the terms of the above provision, takes the position that, since the provision is silent as to which party is responsible for the mortgage, the "proper forum to challenge the order and language is the Domestic Relations Court." (Doc. No. 37, at pgs. 6-7). The Court agrees with the Defendant.

The relief sought by the Plaintiff requires that this Court read into the Parties' Decree of Dissolution a term which is not expressly provided therein; to wit: that the Defendant, alone, should bear the burden of any deficiency that may arise as the result of a foreclosure sale of the Parties' former marital residence. While such a reading is consistent with the fact that the Defendant was awarded in the Parties' Decree of Dissolution exclusive ownership of the marital residence, the Plaintiff's interpretation is not compelled by such an award. To the contrary, the provision, *supra*, awarding the Defendant exclusive ownership of the Parties' marital residence, also provides that if the property is sold within five years, any equity in the property would be divided equally among the Parties. It therefore could stand to reason that, with the Plaintiff retaining a residual equity interest in the property, the Plaintiff would also have to bear the risk that the value ultimately realized on the

Page 9

property would not be sufficient to fully service the debt secured against the property. Notwithstanding, this is not an issue for the Court to decide.

It is established jurisprudence that the court from which an order or judgment is rendered is in the best position to interpret its own order or judgment. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed.Cir.2008), *citing In re Chi., Rock Island & Pac. R.R. Co.*, 865 F.2d 807, 810 (7ᵗʰ Cir. 1988). *See also Nat'l City Bank v. Ledgard*, 1995 WL 557317 *3, Lucas App. No. L-94-352 (Sept. 25, 1995), unreported ("The trial court is in the best position to interpret its own order."). Given, therefore, that there exist two plausible interpretations as to the meaning of the provision in controversy, the Court will defer to the state court issuing the Parties' Decree of Dissolution to determine the existence and/or extent of the Parties' respective liabilities for any deficiency resulting from the foreclosure of their former marital residence. A further word regarding this holding is necessary, however.

The dispute between the Parties regarding their respective liabilities on the former marital residence concerns not the issue of dischargeability, but whether there even exists a debt. A debt is defined as "liability on a claim." 11 U.S.C. § 101(12). In turn, a "claim" is defined broadly as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). It follows, therefore, that to the extent that the domestic relations court determines that the Defendant has no obligation to hold the Plaintiff harmless on any deficiency arising from the foreclosure of the Parties' former marital residence, no "debt" would even exists from which to make a finding of nondischargeability. Conversely, if it is determined that the Defendant has a legal obligation to hold the Plaintiff harmless, the extent of that liability would be nondischargeable for those reasons already discussed concerning the obligations delineated as (a) through (j).

Page 10

In addition to the issue of dischargeability, the Defendant also attacked the Plaintiff's right to bring this suit, raising the doctrine of "unclean hands." According to the Defendant:

> In the case at bar Plaintiff has unclean hands. The Separation Agreement was grossly unfair to Defendant in which he took on a majority of the debt and she walked away owing very little. This forced the Defendant into a bankruptcy due to the inequitable division of debt. Plaintiff and her divorce attorney knew or should have known based on the debt and the Defendant's income that there was no way possible that he would be able to pay what was ordered through the divorce and maintain his present living expenses. Based on the doctrine of unclean hands, Plaintiff is not entitled to summary judgment.

(Doc. No. 37, pgs. 7-8).

The doctrine of unclean hands is an equitable doctrine and "bars relief to those guilty of improper conduct in the matter as to which they seek relief." 30A C.J.S. Equity § 109. The doctrine has been applied in the bankruptcy context to preclude a plaintiff with "unclean hands" from maintaining in a bankruptcy court, as a court of equity, a determination regarding the dischargeability of a particular debt. *In re Uwimana*, 274 F.3d 806, 810 (4th Cir. 2001); *Hopper v. Everett (In re Everett)*, 364 B.R. 711, 723 (Bankr. D.Ariz.2007). In this proceeding, however, the fact that the Defendant entered into a separation agreement which he now views as unfair, does not warrant the application of this doctrine.

First, concerning a separation agreement, Ohio law requires that "both spouses shall appear before the court and each spouse shall acknowledge under oath that he has voluntarily entered into the separation agreement appended to the petition, that he is satisfied with its terms, and that he seeks dissolution of the marriage." O.R.C. § 3105.64(A). It is further provided by statute that, "[i]f, at the time of the hearing, either spouse is not satisfied with the separation agreement . . . the court shall dismiss the petition and refuse to validate the proposed separation agreement." O.R.C. § 3105.65(A). The Defendant, thus, had every opportunity to raise his concerns during the course of the Parties'

Page 11

divorce, but choose to remain silent instead. Moreover, the Defendant did not thereafter seek to have the Decree of Dissolution set aside by the court entering the judgment. Under these conditions, the Court is not persuaded that equity should come to the aid of one who has slept on his rights. *See General Electric Co. v. Sciaky Bros., Inc.*, 304 F.2d 724, 727 (6th Cir. 1962) (a maxim of equity is that it "will not aid those who have slept on their rights.")

Additionally, the Defendant's argument, regarding the inequity of his separation agreement, is an issue that is more properly brought before the court from which the Decree of Dissolution was entered. To hold otherwise, and rule on the Defendant's argument concerning the Plaintiff's "unclean hands," would usurp the role afforded by Ohio law, to its courts, which requires approval by the court of the parties' separation agreement, after which time the agreement is merged into the court's decree of dissolution. O.R.C. § 3105.65(B). Put differently, to rule on the applicability of the "unclean hands" doctrine in this proceeding would, with respect to the state court's approval of the Parties' separation agreement, place this Court in the role of a reviewing authority. It is, however, "black letter law that the Bankruptcy Court cannot act as an appellate court to determine whether the State Court's decision was correct." *Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Road Owners Corp.)*, 214 B.R. 676, 685 (Bankr .E.D.N.Y. 1997). *See also* 28 U.S.C. § 1257 (the U.S. Supreme Court is the only federal court that Congress has granted jurisdiction to adjudicate a claim seeking review of a state court judgment). Similarly, this Court has observed that "a bankruptcy court should be cautious when making any ruling that would in effect overturn a state court decision, as the bankruptcy courts were never intended to serve as an avenue through which litigants could collaterally attack the validity of a state court judgment." *Skinner v. Lesh (In re Lesh)*, 253 B.R. 849, 853 (Bankr. N.D.Ohio 2000).

In summation, for those obligations delineated in this Court's Statement of Facts as (a) through (j), the Plaintiff has sustained her burden of showing that these obligations meet the requirements of a nondischargeable debt under 11 U.S.C. § 523(a)(15). The same is also true with

Page 12

respect to the obligation delineated as (j) to the extent that it is determined that a "debt" exists. Finally, given that the domestic relations court approved the Parties' separation agreement, the Court declines to rule on whether the doctrine of "unclean hands" applies in this adversary proceeding.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, as provided herein, the Motion of the Plaintiff, Lisa R. Damschroeder, for Summary Judgment, be and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that, as provided herein, those obligations the Defendant, David A. Williams, was required to assume and hold the Plaintiff harmless from, be, and are hereby, determined to be NONDISCHARGEABLE DEBTS pursuant to 11 U.S.C. § 523(a)(15).

Dated: August 22, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 13

# CERTIFICATE OF SERVICE

Copies were mailed this 22nd day of August  2008 to:

Lisa R. Damschroeder
2626 Township Rd 24
Gibsonburg, OH 43431

Elliot H Feit
520 Madison Ave
930 Spitzer Building
Toledo, OH 43604

David A Williams
5312 Copley Circle
Summerville, SC 29485

Joseph W. Westmeyer, Jr
421 N Michigan St
#C
Toledo, OH 43604-1606

_____/s/Jennifer S Huff_____
Deputy Clerk, U.S. Bankruptcy Court